UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOGIUDICE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1252** |
| **IVY NAILS SPA, ET AL.** | **SECTION "L" (3)** |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss filed by Defendant Ivy Nails Spa. R. Doc. 9. Plaintiff Nicolo Evola Logiudice filed a response. R. Doc. 12. Having considered the briefing and the applicable law, the Court now rules as follows.

### I.  BACKGROUND

Plaintiff Nicolo Evola Logiudice alleges that on April 30, 2021, he slipped and fell, requiring him to have surgery. R. Doc. 1 at 4. Consequently, on June 28, 2021, Mr. Logiudice filed a *pro se* suit against Ivy Nails Spa, Khan Center, Inc., and an individual named Carmen. *Id.* at 1-3. However, the *pro se* petition does not explicitly allege any wrongdoing on the part of the Defendants. *Id.*

In his complaint, Mr. Logiudice notes that the basis of federal jurisdiction was federal question, but does not provide any specific statutes, treaties, or constitutional provisions that are at issue in the case. *Id.* at 3. Furthermore, the petition states that Mr. Logiudice is a citizen of Louisiana but does not clearly provide the citizenship of any of the Defendants. *Id.*

### II.  PRESENT MOTION

Ivy Nails Spa seeks dismissal of Plaintiff's case based on a lack of subject matter jurisdiction. R. Doc. 9. Ivy Nails Spa asserts that Mr. Logiudice's complaint "is a tort case which

is a state law issue, not a federal one." R. Doc. 9-1 at 2. Furthermore, Ivy Nails Spa asserts that it is an LLC in Louisiana with only one member, Thu Thi Doan, whose citizenship is also in Louisiana. *Id.* at 1. Ivy Nails Spa also asserts that Khan Center, Inc. and Carmen, who is the director and secretary of Khan Center, Inc., are citizens of Louisiana, meaning there is no diversity of citizenship. *Id.* at 2.

In response to Ivy Nails Spa's motion, Mr. Logiudice asserts that he prefers federal court because he is familiar with it. R. Doc. 12. Additionally, Mr. Logiudice states that he filed suit in federal court because Medicare paid for his operation, therapy, and other medical bills, and that that Medicare "know[s] about [his] case and they want their bills paid back." *Id.*

### III.   APPLICABLE LAW

A plaintiff who brings suit in federal court has the burden of proving that the district court has subject-matter jurisdiction. While the pleadings of a *pro se* plaintiff are held to "less stringent standards than formal pleadings drafted by lawyers," *Smith v. Barrett Daffin Frappier Turner & Engel*, L.L.P., 735 F. App'x 848, 851 (5th Cir. 2018), they are not "exempt . . . from compliance with the relevant rules of procedural and substantive law." *Est. of Hunter v. Cantrell*, No. CV 19-1786, 2020 WL 1702342, at *2 (E.D. La. Apr. 8, 2020). Accordingly, a court's liberal reading of *pro se* petitions cannot extend so far as to allow the court to wholly invent arguments on behalf of the litigant. *Id.* ("[T]hey are not to 'invent, out of whole cloth, novel arguments on behalf of a pro se plaintiff in the absence of meaningful, albeit imperfect, briefing'").

There are two ways a plaintiff may establish federal subject matter jurisdiction: (1) federal question jurisdiction; and (2) diversity jurisdiction. 28 U.S.C §§ 1331, 1332. Federal question jurisdiction exists in those cases in which "a well-pleaded complaint establishes either

that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bourg v. Johnson*, No. CIV.A. 98-1958, 1998 WL 649079, at *1 (E.D. La. Sept. 18, 1998). Where a plaintiff's complaint sounds only in tort, describing a state law claim, the court will not have federal question jurisdiction. *McKinnis v. Kambur*, No. CIV.A. 93-3898, 1994 WL 90432, at *1 (E.D. La. Mar. 14, 1994) (holding that there was no federal question when a *pro se* litigant's petition only suggested legal malpractice, which is a state law claim). On the other hand, diversity jurisdiction exists only where there is diversity of citizenship and the amount at stake is more than $75,000. 28 U.S.C. §1332. If the plaintiff's petition does not invoke subject-matter jurisdiction, the case must be dismissed.

Generally, "a pro se litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009). However, granting leave to amend is not required if the plaintiff has already pleaded his "best case." *Id.* Specifically, granting leave to amend upon a lack of subject matter jurisdiction is not required if it is clear from the original complaint that the court lacks subject matter jurisdiction, meaning leave to amend would be futile. *See Wiggins v. Louisiana State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017); *Whiticar v. New Orleans City*, No. CV 19-10355, 2019 WL 4982458, at *4 (E.D. La. Oct. 8, 2019) (dismissing a claim without opportunity to amend because it was clear that the facts only created state law claims); *Flowers v. Acuity Brands Lighting*, No. 3:19-CV-2090-S-BK, 2019 WL 10835996, at *2 (N.D. Tex. Oct. 1, 2019) (dismissing for lack of subject matter jurisdiction without opportunity to amend when there was clearly a lack of diversity and only state tort claims were pled).

IV.   DISCUSSION

The Court finds it necessary to dismiss Mr. Logiudice's case for lack of subject-matter jurisdiction. While Mr. Logiudice asserts federal question jurisdiction, his complaint contains no allegations against the Defendants and shows no basis for federal question jurisdiction. R. Doc. 1 at 3; *see Est. of Hunter*, 2020 WL 1702342, at *2. Additionally, there is no suggestion in the complaint that any of the Defendants resides anywhere but Louisiana. R. Doc. 1 at 3. Accordingly, even under the liberal construction to which *pro se* plaintiffs are entitled, Mr. Logiudice's complaint does not allege facts that could be construed to establish federal question or diversity jurisdiction.

Furthermore, it would likely be futile to grant Mr. Logiudice the opportunity to amend, because he has already pled his "best case." *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). The slip-and-fall facts of this case, at best, could suggest only a state law tort claim, which would be insufficient to establish the existence of a federal question. *See McKinnis*, 1994 WL 90432, at *1 (holding there was no basis for federal question when the complaint only described torts). Upon Defendant's motion to dismiss for lack of subject matter jurisdiction, Mr. Logiudice responded providing additional information, but none of it suggested a federal question, only a preference for federal court. R. Doc. 12. Additionally, there is no diversity of citizenship in this case, meaning Mr. Logiudice would not be able establish subject matter jurisdiction even with an opportunity to amend. R. Doc. 9-1.

V.  **CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion to Dismiss, R. Doc. 9, is **GRANTED** and that the above-captioned case is dismissed in its entirety for lack of subject-matter jurisdiction.

4

New Orleans, Louisiana, this 3rd day of January, 2022.

                                                                       UNITED STATES DISTRICT JUDGE